UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NASARET ASESYAN,<br><br>        Plaintiff,<br><br>   v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>        Defendant. | No. CV 12-03750-VBK<br><br>MEMORANDUM OPINION<br>AND ORDER<br><br>(Social Security Case) |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issue:

1.  Whether the Administrative Law Judge'S ("ALJ") failure to

                  impose any manipulative limitations is supported by substantial evidence.

(JS at 3.)

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

**I**

**THE ALJ'S RESIDUAL FUNCTIONAL CAPACITY DETERMINATION**

**IS SUPPORTED BY SUBSTANTIAL EVIDENCE**

Plaintiff asserts that the ALJ erred by failing to impose any manipulative limitations in determining his residual functional capacity ("RFC"). For the reasons to be set forth, the Court disagrees and affirms the Decision.

An administrative hearing was held before ALJ Hesse, at which Plaintiff appeared and testified, and was represented by the same attorney who is representing him in this litigation. Testimony was also taken from a vocational expert ("VE"), and a medical expert ("ME"). (AR 33-63.)

Following the hearing, an unfavorable Decision was issued. (AR 12-20.)

The ALJ followed the familiar five step procedure (see AR at 13-14). As such, she determined that Plaintiff's severe impairments at Step Two are diabetes mellitus with peripheral neuropathy, coronary artery disease and disorder of the lumbar spine. (AR 14.) The ALJ noted that Plaintiff has alleged numerous additional medical conditions, but she determined that they do not rise to the level of

a severe impairment. These are summarized at AR 15, and include Plaintiff's allegation that he is disabled due to numbness in his fingers, which was first reported on the initial disability report of June 4, 2008. (AR 15, 151.) The ALJ remarked upon this issue in the following portion of her Decision:

> "However, during his physical consultative examination on July 28, 2008, [Plaintiff] did not complain of numbness in his fingers and he exhibited a normal grip and finger approximation with sensory examination revealing grossly intact and equal bilaterally sensation. (Exhibit 9F/4) Further, an upper extremity neuro-conduction study conducted in December 2009 showed normal results specifically with the sensory nerve study showing no evidence of axonal degeneration. (Exhibit 15F/4) Again as with [Plaintiff's] other above referenced alleged impairments, [Plaintiff] has not sought specific treatment for the alleged numbness in his fingers and as such the undersigned finds that this condition is not severe based upon the conclusions assessed in his 2008 physical consultative examination, the objective medical evidence and the lack of any treatment history."

(AR 15-16.)

The RFC assessed by ALJ Hesse imposed no manipulative limitations concerning Plaintiff's hands. (AR 17.)

Plaintiff asserts error, relying on a form called "Medical Source Statement – Physical" completed by a physician's assistant at St. John Medical Clinic, where Plaintiff received treatment and medication refills on monthly visits between July 2009 and December 2009

1  (approximately six visits). (AR 19, 305-320.)
2      In evaluating the conclusions of the physician's assistant
3  (identified as Mr. Gougran), the ALJ noted the following:
4      "Further, the source statement was merely a standard form
5      that was filled out with little substantive medical
6      explanation. While a certified physician's assistant's
7      opinions are not an acceptable medical source, the
8      undersigned has considered Mr. Gougran's opinion and has
9      reflected his opinion in [Plaintiff's] residual functional
10     capacity determination. 20 CFR §§ 404.1513(a) and
11     416.913(a) There are no other treating source opinions in
12     the remainder of [Plaintiff's] medical records. [Plaintiff]
13     has participated in 4 separate consultative examinations
14     with 2 physical evaluations and 2 psychiatric. The
15     undersigned affords great weight to the opinions of Gabriel
16     T. Fabella, M.D., John Sedgh, M.D. and Dr. Yang as all of
17     their opinions are consistent with each other and the record
18     as a whole."
19 (AR 19.)

21     Plaintiff believes that the testimony of the ME at the hearing
22 supports his contention that he has neuropathy in his hands, which is
23 disabling, or, in the alternative, should form the basis for
24 manipulative limitations in his RFC. Plaintiff summarizes the
25 testimony of the ME, Dr. Nafoosi, as indicating that if there were
26 clinical signs of neuropathy documented on physical examination, then,
27 coupled with nerve conduction studies, the doctor would agree with
28 manipulative limitations assessed by Mr. Gougran. (JS at 4, citing AR

4

57-59.) Plaintiff claims that clinical signs of neuropathy have in fact been documented on physical examination as far back as 2006. (Id.)

The Commissioner argues that there is no error in the Decision because the record fails to document any functional limitations related to hand neuropathy. (JS at 5, citing AR 145, 215-219, 223, 251, 308-310, 314, 318-320.)

At the administrative hearing, Plaintiff testified that his hands and feet are "always numb." (AR 45.) His testimony was that this has persisted for almost four years. (AR 46.) Plaintiff's attorney elicited additional testimony about his asserted hand numbness. (AR 56-57.)

In contrast to Plaintiff's testimony about his subjective symptoms, the ALJ noted that examining physicians Drs. Fabella and Sedgh found no objective evidence of any impairment related to Plaintiff's hands. (AR 45, 215-220, 249-253.) Indeed, during the internal medicine consultative examination ("CE") performed on July 20, 2006 by Dr. Fabella (AR 215-220), Plaintiff made no complaint of any numbness or manipulative difficulties in his hands. (AR 215.) This is consistent throughout the record; e.g., Plaintiff failed to make complaints of any numbness in his hands during examinations by different doctors. (See citations to the record by the Commissioner at JS 7, which document a lack of any complaints by Plaintiff of hand numbness or manipulative difficulties.) During Dr. Fabella's CE, Plaintiff's manipulative abilities were tested, and it was noted that his hand joint flexion was grossly within normal limits bilaterally, that he had normal muscle bulk and tone without any atrophy, and his strength was 5/5 throughout without any focal motor deficits. (AR 218-

219.)

Plaintiff also received an internal medicine CE from Dr. Sedgh on July 28, 2008 (AR 249-253), and again, while Plaintiff complained of numbness in his feet, he made no complaint of hand impairments. (AR 249.) Dr. Sedgh's examination concluded that Plaintiff had a normal grip and finger approximation. (AR 251.) Plaintiff had good tone and good active motion, 5/5 strength in all of his extremities, and his sensations were grossly intact and equal bilaterally. (AR 252.)

The evidence in the record indicates that the conclusions of the physician's assistant, Mr. Gougran, were not supported either by any other objective clinical findings in the record, or even by the documentation from that facility.[1] It is not the ALJ's obligation to accord controlling weight to a treating physician's opinion unless it is well supported and not inconsistent with other evidence in the record. See 20 C.F.R. § 404.1527(e)(2); Social Security Ruling ("SSR") 96-2p. Moreover, Mr. Gougran's opinion as to Plaintiff's asserted manipulative limitations in his hands and fingering is identified by a one-word limitation ("occasionally"), but is not supported by underlying objective medical evidence. Essentially, Mr. Gougran completed a check-the-box form, which is frowned upon in the absence of supporting objective evidence. See Batson v. Commissioner, 359 F.3d 1190, 1195 (9th Cir. 2004). There is not one record which indicates that Plaintiff received treatment related to complaints of hand numbness or any such symptoms. This renders Mr. Gougran's opinion unsupportable by any findings in the record. See Rollins v.

---

[1] Mr. Gougran is not an acceptable medical source under 20 C.F.R. § 404.1513; however, the ALJ, while noting this, provided a thorough analysis of the reasons for her depreciation of Mr. Gougran's opinion.

6

1  Massanari, 261 F.3d 853, 856 (9th Cir. 2001).

2      Plaintiff asserts that the Upper Extremity Neuroconduction
3  Studies Report demonstrates objective evidence of hand neuropathy.
4  (See JS at, citing AR 301-304.) An examination of these records,
5  however, does not substantiate Plaintiff's interpretation. For the
6  most part, the sensory nerve study was normal, as was the delayed
7  response study, and a motor nerve study yielded some mixed results
8  with normal findings and others showing some diminished or decreased
9  results. (AR 301.) This issue was covered by the testimony of the ME,
10 who indicated that there must be abnormal physical findings of
11 numbness demonstrated on physical examination in order to support a
12 conclusion of disability. (AR 61-62.) As such, Plaintiff's
13 interpretation of the ME's testimony is incorrect, as he eliminates
14 that part of the testimony which concluded that there must be clinical
15 signs of neuropathy documented on physical examination which, if
16 coupled with nerve conduction studies, might support manipulative
17 limitations in Plaintiff's hands. As the ME testified, the record did
18 not contain any such objective examination support. (AR 47, 58, 61-
19 62.)

20     In conclusion, the ALJ did give full consideration to the
21 conclusions of the physician's assistant, but properly discarded or
22 depreciated them because of their lack of objective support, their
23 inconsistency with the evidence in the record and with Plaintiff's own
24 history of subjective complaints. The Court thus can find no error in
25 the ALJ's determination that Plaintiff does not suffer any hand
26 neuropathy as part of a severe impairment, which, therefore, would
27 preclude assessing any such manipulative limitations as part of
28 Plaintiff's RFC.

1     The decision of the ALJ will be affirmed.  The Complaint will be
2  dismissed with prejudice.
3     **IT IS SO ORDERED.**

5  DATED: March 5, 2013                         /s/
                                    VICTOR B. KENTON
6                                   UNITED STATES MAGISTRATE JUDGE